Dear Mr. Cassidy,
You have requested an opinion from this office as to whether the Jefferson Davis Parish Police Jury can install culverts in public right-of-ways for the benefit of private landowners, if the police jury is reimbursed for the cost of the installation. We believe the police jury can perform these installations by entering into a cooperative endeavor with the private landowners and recouping its costs.
Currently, if a private landowner wants culverts installed in a public right-of-way, the landowner must obtain a permit from the police jury. Police Jury personnel then examine the site and recommend the grade and size of culverts to be used, and the private landowner hires a contractor to perform the installation. This process is not working adequately and has resulted in continuing drainage problems within the parish. Thus the question as to whether the police jury can install the culverts.
In order to address your question, we refer you to La. Const. Art. VII, Sec. 14(A) and (C), which provide, in pertinent part, as follows:
 Section 14.(A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private.
* * *
 C) Cooperative Endeavors. For a public purpose, the state and its political subdivisions or political corporations may engage in cooperative endeavors with each other, with the United States or its agencies, or with any public or private association, corporation, or individual.
Paragraph (A) contains the general prohibition against the donation of public funds, and paragraph (C) authorizes the state and its political subdivisions to engage in cooperative endeavors (agreements) with any public or private association, corporation or individual, for a public purpose. The authorization contained in Paragraph (C) does not, however, exempt the state or political subdivisions from the prohibition against donating public funds contained in paragraph (A).[1] These provisions authorize the police jury to enter into cooperative endeavors with private landowners, provided the agreements are for a public purpose and the police jury does not give away or "donate" public funds.
This office has consistently opined that in order to be constitutionally-sanctioned, a cooperative endeavor must meet the following three requirements: 1) The entity must have a legal obligation to expend public funds; 2) The agreement must be for a public purpose; and 3) The cost must be proportionate to the public benefit.[2] If the police jury wants to enter into a cooperative endeavors with private landowners to install culverts, the agreements must meet these three requirements.
First, with regard to its legal obligation, the police jury is authorized by statute to regulate and control its streets and other public places, and to provide for the general welfare of its citizens.[3] Installing and maintaining culverts is included within this authorization, and the requirement is met.
Second, the agreement must be for a public purpose, or the expenditure of public funds must serve a public purpose. In this instance, the public purpose is to avoid continuing drainage problems within the parish and to provide a better and more uniform drainage system for the parish. The second requirement is met.
Third, the costs expended must be proportionate to the benefit received. The police jury may not install the culverts for private landowners free of charge or at a nominal or reduced rate. The police jury must receive reimbursement for its actual costs in installing the culverts.
In summary, we believe that as long as the police jury is reimbursed by private landowners for the actual costs of its installation of the culverts, the police jury may enter into a valid cooperative endeavors with private landowners for the installation of culverts in public right-of-ways.
We trust this adequately addresses your request. If you have any further questions, please contact our office.
Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
 BY: _____________________ DENISE B. FITZGERALD Assistant Attorney General
[1] City of Port Allen v. La. Risk Management, 439 So.2d 399
(La. 1983).
[2] See Atty. Gen. Op. Nos. 05-122, 04-112, 93-787, 93-164, and 92-722.
[3] La. R.S. 33:1236